# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ALLEN L. MCCLURE,**
**Claimant Below, Petitioner**

**vs.)  No. 13-0392** (BOR Appeal No. 2047900)
(Claim No. 2009075515)

**BLUESTONE COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Allen L. McClure, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bluestone Coal Company, by Lisa A. Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 21, 2013, in which the Board affirmed a November 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 19, 2011, decision which denied a request to add lumbar sprain as a compensable component of the claim. In its Order, the Office of Judges also reversed the claims administrator's June 8, 2011, decision which granted Mr. McClure a 4% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. McClure, a coal miner, was injured on January 14, 2009, when the man trip he was operating struck a coal rib. Treatment notes from Welch Community Hospital indicate Mr. McClure injured his neck, back, and left wrist. His claim was thereafter held compensable for neck sprain/strain, thoracic sprain/strain, and contusion of the wrist.

1

Yogesh Chand, M.D., performed an independent medical evaluation of Mr. McClure on March 3, 2011, in which he assessed 4% impairment for the left wrist. He opined that he was unable to rate the neck and thoracic spine at that time due to pain. A second independent medical evaluation was performed by Bruce Guberman, M.D., on August 2, 2011. Dr. Guberman diagnosed acute and chronic cervical and thoracic spine sprains/strains and chronic post-traumatic strain of the left wrist with persistent range of motion abnormalities. Dr. Guberman noted that Mr. McClure reported that he injured his lumbar spine on January 14, 2009, as well. For the lower back, Dr. Guberman diagnosed acute and chronic lumbosacral strain. He noted that there were range of motion restrictions in the cervical, thoracic, and lumbar spines as well as in the left wrist. Mr. McClure was determined to be at maximum medical improvement and in no further need of treatment. Dr. Guberman assessed 6% cervical spine impairment, 5% thoracic spine impairment, and 7% impairment for the left wrist for a combined total of 17% impairment.

A third and final independent medical evaluation was conducted by Prasadarao Mukkamala, M.D., on April 30, 2012. At that time, Mr. McClure complained of pain in his neck with radiation into both arms and pain in his mid-back. Dr. Mukkamala noted previous injuries to the neck and lower back. He diagnosed cervical sprain, thoracic sprain, and contusion of the left wrist. Dr. Mukkamala opined that Mr. McClure did not injure his lower back at the time of his compensable injury. When asked about his injuries, Mr. McClure indicated he injured his cervical and thoracic spines. He was found to be at maximum medical improvement and capable of returning to work. Dr. Mukkamala assessed 5% impairment for the cervical spine, 0% for the thoracic spine, and 4% for the left wrist. Additionally, he opined that Dr. Guberman's cervical impairment calculations were incorrect because he failed to make an adjustment for West Virginia Code of State Rules § 85-20 (2006).

The claims administrator denied a request to add lumbar sprain as a compensable component of the claim on May 19, 2011. On June 8, 2011, it granted Mr. McClure a 4% permanent partial disability award for the left wrist. The Office of Judges affirmed the claims administrator's May 19, 2011, decision. It reversed the June 8, 2011, decision and awarded Mr. McClure a 9% permanent partial disability award representing 4% for the left wrist and 5% for the thoracic spine.

The Office of Judges found that a preponderance of the evidence shows that Mr. McClure did not sustain a lumbar sprain as the result of his work-related injury. Dr. Chand found a long history of lower back problems dating back to a workers' compensation claim twenty-five years prior. The lower back was not mentioned in the records on the date of the accident from Welch Community Hospital. Also, Drs. Mukkamala and Chand both opined that Mr. McClure did not injure his lower back as a result of his January 14, 2009, accident.

The Office of Judges held that Mr. McClure sustained 4% permanent impairment to his left wrist as a result of his work-related injury. The opinions of Drs. Chand and Mukkamala were found to be persuasive because their range of motion evaluations were substantially in agreement. Dr. Guberman's left wrist range of motion testing was found to represent a significant variance in comparison and his report was therefore found to be less persuasive.

2

The Office of Judges determined that Mr. McClure sustained 5% permanent impairment to his thoracic spine. It found that the reports of Drs. Mukkamala and Guberman were the most relevant to the issue because Dr. Chand was unable to measure thoracic range of motion due to pain. Dr. Mukkamala found 0% impairment and therefore declined to use Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th Edition, 1993). Dr. Guberman found 2% impairment and thus utilized Table 75 to arrive at an impairment rating of 5%. The Office of Judges determined that the decision of whether or not to use Table 75 represented a reasonable difference of professional opinion and the two reports therefore deserve equal evidentiary weight. Per West Virginia Code § 23-4-1g(a) (2003), the issue was resolved in the manner most consistent with the claimant's position and Dr. Guberman's report was therefore found to be persuasive. His recommendation of 5% impairment was found to correlate with West Virginia Code of State Rules § 85-20-Table D (2006).

For the cervical spine, the Office of Judges determined that Dr. Mukkamala's findings were the most persuasive. It found that there was disagreement between Dr. Mukkamala and Dr. Guberman regarding the point at which adjustment for prior permanent partial disability awards is to be made. Dr. Mukkamala made the adjustment after arriving at a final impairment rating and Dr. Guberman made the adjustment from his range of motion recommendation prior to the application of West Virginia Code of State Rules § 85-20-Table E (2006). The Office of Judges held that Dr. Mukkamala's adjustment was more compatible with the regulations set forth in West Virginia Code of State Rules §§ 85-20-64.4 (2006) and 85-20-64.1 (2006). Dr. Mukkamala assessed 5% permanent partial disability and Mr. McClure was therefore found to have been fully compensated by his prior 8% cervical permanent partial disability awards.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its March 21, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman